Citation Nr: 21049975
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 15-09 013
DATE: August 13, 2021

REMANDED

The increased rating claim for an acquired psychiatric disability, to include anxiety disorder and major depressive disorder, with consideration as to whether the Veteran's anxiety disorder is service-connected on a direct basis, rather than a secondary basis of aggravation by a service-connected tinnitus, is remanded.

The total disability rating based on an individual unemployability (TDIU) claim, for the period prior to March 12, 2014, is remanded.

REASONS FOR REMAND

The Veteran served in the United States Army on active duty from August 1960 to August 1962.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from January 2014 and July 2014 rating decisions of the Department of Veterans Affairs (VA) Regional Office in Portland, Oregon.

In July 2018, the Veteran testified at a personal hearing before a Decision Review Officer at the Portland, Oregon Regional Office. An informal conference report on this hearing is of record.

In February 2019, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge. A transcript of this hearing is of record.

In a January 2021 rating decision, the Regional Office increased the rating disability for an acquired psychiatric disability to 20 percent, effective June 1, 2010; granted a 60 percent disability rating for an acquired psychiatric disability, effective March 12, 2014; and granted entitlement to a TDIU, effective March 12, 2014. Nonetheless, these issues remain on appeal, as the favorable adjudication in the January 2021 rating decision is not representative of a total grant of benefits sought on appeal.

In March 2020 and March 2021, the Board remanded the case to the RO for further evidentiary development.

1. Acquired Psychiatric Disability Claim

The Veteran asserts entitlement to an increased rating for his service-connected acquired psychiatric disability. As a collateral issue to this increased rating claim, he also asserts that his acquired psychiatric disability, which is currently service-connected on a secondary basis, as aggravated by service-connected tinnitus, should be service-connected on a direct basis. See February 2019 Videoconference Hearing Transcript. 

At his February 2019 videoconference hearing, the Veteran explained that while VA indicated that he has anxiety with major depression, it took away 30 percent of his disability rating because it determined that he was already disabled for his emotional condition prior to his enlistment into military service. However, the Veteran clarified that he did not have any depression, anxiety, counseling, medication, or any psychiatric condition prior to his enlistment into military service. See February 2019 Videoconference Hearing Transcript. 

In a March 2020 remand, the Board acknowledging the Veteran's assertions, found that it did not have jurisdiction over the Veteran's claim for direct service connection for an acquired psychiatric disability. Thus, the Board referred the issue of direct service connection for an anxiety disorder to the Regional Office for an adjudication in the first instance. 

In the January 2021 rating decision, where the Regional Office recharacterized the Veteran's psychiatric disability from an anxiety disorder to a depressive disorder and increased the claim in staged ratings, as described above, it, however, did not adjudicate the issue of direct service connection for an anxiety disorder with depressive features. Thus, in a March 2021 Board remand, the Board, again, referred the issue of direct service connection for an acquired psychiatric disability to the Regional Office for an adjudication of this issue in the first instance. 

Despite the March 2020 and March 2021 Board remand directives, however, the Regional Office still has not adjudicated the issue of service connection for an acquired psychiatric disability, on a direct basis. 

A remand by the Board confers on the Veteran or other claimant, as a matter of law, the right to substantial compliance with the remand order. Stegall v. West, 11 Vet. App. 268, 271 (1998). Thus, as the outcome of the service connection issue directly impacts the Veteran's increased rating claim for an acquired psychiatric disability, a remand is required for compliance with prior Board remand directives. Specifically, on remand, the Regional Office must address and adjudicate the issue of service connection for an acquired psychiatric disability, on a direct basis, while the increased rating claim for an acquired psychiatric disability is deferred, pending the outcome of the Regional Office's adjudication of the service connection claim, on a direct basis. 

2. TDIU

For the period prior to March 12, 2014, the TDIU claim is also remanded because it is inextricably intertwined with the increased rating claim (and collateral issue of direct service connection) for an acquired psychiatric disability. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991).

The matters are REMANDED for the following action:

Specifically identifying the issue as, "service connection for an anxiety disorder with depressive features, on a direct basis", adjudicate this claim by determining whether the Veteran's acquired psychiatric disability should be service-connected on a direct basis (incurred during service, or as a result of his service). 

 

 

M. Tenner

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board V-N. Pratt

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.